FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ AUG 1 2 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUDI RIVAS,

          Petitioner,

-against-

**ORDER**
14-CV-0632 (SJF)

THOMAS GRIFFIN,

          Respondent.
-----------------------------------------------------------X

FEUERSTEIN, J.

Rudi Rivas ("petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the application is denied.

I.    Background

    A.  State Convictions

On September 23, 1994, a judgment of conviction was entered in the County Court, Suffolk County (Vaughn, J.) against petitioner, under Indictment No. 217-94, upon a plea of guilty, convicting him of criminal sale of a controlled substance in the second degree, and sentencing him to eight (8) years to life. On June 22, 1995, a judgment of conviction was entered in the same court against petitioner, under Indictment No. 2506/94, upon a jury verdict, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, and sentencing him to twenty-five (25) years to life on each count, to run concurrently to each other and consecutive to his earlier eight (8) year sentence.

Petitioner filed a notice of appeal to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), challenging his convictions under both

indictments. While his appeal to the Appellate Division was pending, petitioner filed a motion in the County Court pursuant to New York Criminal Procedure Law § 440.10, challenging his plea conviction under Indictment No. 217-94 (the "440.10 Motion"). On October 3, 1996, the County Court denied petitioner's 440.10 Motion and petitioner's subsequent motion for leave to appeal.

On April 19, 1999, the Appellate Division affirmed petitioner's convictions. *See People v. Rivas*, 260 A.D.2d 583, 688 N.Y.S.2d 604 (2d Dep't 1999). On August 18, 1999, petitioner's application for leave to appeal to the New York State Court of Appeals was denied. *See People v. Rivas*, 93 N.Y.2d 1025, 719 N.E.2d 945, 697 N.Y.S.2d 584 (1999) (Table). On February 28, 2000, the Appellate Division denied petitioner's application for writ of error coram nobis. *See People v. Rivas*, 269 A.D.2d 612, 704 N.Y.S.2d 825, 2000 N.Y. Slip Op. 01889 (2d Dep't Feb. 28, 2000).

Petitioner also filed several applications for writ of habeas corpus in New York state, all of which were denied. *See e.g., People ex rel. Rivas v. Walsh*, 40 A.D.3d 1327, 837 N.Y.S.2d 749, 2007 N.Y. Slip Op. 04381 (3d Dep't May 24, 2007), *lv. denied*, 9 N.Y.3d 814, 878 N.E.2d 609, 848 N.Y.S.2d 25 (2007); *People v. ex rel. Rivas v. Walsh*, 69 A.D.3d 1236, 893 N.Y.S.2d 388, 2010 N.Y. Slip Op. 00596 (3d Dep't Jan. 28, 2010), *lv. denied*, 14 N.Y.3d 712, 929 N.E.2d 1006, 903 N.Y.S.2d 771 (2010) (Table).

B. Federal Habeas Applications

On May 24, 2000, petitioner filed his first application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "First Petition"). In an opinion July 17, 2012, Judge Arthur D. Spatt of the United States District Court for the Eastern District of New York ("Eastern District") dismissed four (4) of petitioner's claims on non-exhaustion grounds, and denied the remaining claims on the merits. Order Dismissing 2254 Petition, *Rivas v. Walsh*, No. 00 Civ. 2985 (ADS)

2

(E.D.N.Y. July 17, 2002), ECF No. 42 [Docket Entry No. 2-3]. On July 29, 2002, plaintiff moved for reconsideration of the denial of the First Petition. Mot. for Recons., *Rivas v. Walsh*, No. 00 Civ. 2985 (ADS) (E.D.N.Y. July 29, 2002), ECF No. 46. On February 6, 2003, Judge Spatt denied petitioner's motion for reconsideration. Order Den. Mot. for Recons., *Rivas v. Walsh*, No. 00 Civ. 2985 (ADS) (E.D.N.Y. Feb. 6, 2003), ECF No. 67. On April 17, 2006, petitioner filed a second motion for reconsideration of the denial of the First Petition. Second Mot. for Recons., *Rivas v. Walsh*, No. 00 Civ. 2985 (ADS) (E.D.N.Y. Apr. 17, 2006), ECF No. 94. On December 6, 2006, Judge Spatt denied petitioner's second motion for reconsideration. Order Den. Second Mot. for Recons., *Rivas v. Walsh*, No. 00 Civ. 2985 (ADS) (E.D.N.Y. Dec. 6, 2006), ECF No. 97.

Petitioner has filed numerous applications with the United States Court of Appeals for the Second Circuit ("Second Circuit") seeking permission to file a second or successive petition for a writ of habeas corpus, all of which have been denied.[1]

On January 27, 2014, petitioner filed the instant petition for writ of habeas corpus (the "Instant Petition"). [Docket Entry No. 1]. Now before the Court is respondent's motion to dismiss the Instant Petition as an improperly filed successive petition. [Docket Entry No. 7].

I.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Before a district court may consider a successive habeas application, the "prospective applicant must file

---

[1] The Second Circuit denied such applications on December 9, 2008, January 21, 2009, October 8, 2013, and June 5, 2013. *See* Mem. in Supp. of Pet., Ex. D [Docket Entry No. 2-4]; *Rivas v. Walsh*, No. 00 Civ. 2985 (ADS) (E.D.N.Y.), ECF Nos. 100-102.

3

in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id.*; *see* 28 U.S.C. § 2244(b)(3)(A). The "AEDPA allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).

The Instant Petition constitutes a successive petition because it "rais[es] claims regarding the same conviction or sentence" at issue in the First Petition, which was decided by Judge Spatt on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) ("Generally, a [habeas] petition is 'second or successive' if a prior [habeas] petition, raising claims regarding the same conviction or sentence, has been decided on the merits. This is true even if the latter petition purports to raise new claims.").[2] Therefore, without authorization from the Second Circuit, this Court has no jurisdiction to consider the Instant Petition. *See e.g., Walker v. Cuomo*, No. 12-CV-4512, 2012 WL 5386218, at *2 (E.D.N.Y. Nov. 1, 2012) ("Because plaintiff has already filed several habeas petitions, he must seek permission from the United State Court of Appeals to file a successive habeas petition."); *Moore v. Superintendent of Southport Corr. Facility*, No. 12-CV-4302, 2012 WL 5289599, at *2 (E.D.N.Y. Oct. 19, 2012) ("Should petitioner wish to challenge further his . . . conviction, he must again move before the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for *habeas corpus* relief."); *Jones v. Connolly*, No. 12-CV-1543, 2012 WL 1129359, at *1 (E.D.N.Y. Mar. 30, 2012) ("[P]etitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief.").

---

[2] *Corrao* involved a motion brought by a federal prisoner under 28 U.S.C. § 2255. However, for the purposes of the AEDPA's authorization requirement for second and successive applications, "there is no material difference between § 2254 and § 2255." *Torres*, 316 F.3d at 151.

While petitioner has repeatedly sought permission from the Second Circuit to file a successive petition, all such applications have been denied. Nevertheless, petitioner has filed the Instant Petition. Accordingly, the Second Circuit has not authorized petitioner to file the successive Instant Petition, and therefore, the Instant Petition is transferred to the Second Circuit. *See Torres*, 316 F.3d at 151 ("[A] district court must transfer uncertified successive motions to [the Court of Appeals] pursuant to 28 U.S.C. § 1631."); *Moore*, 2012 WL 5289599 (transferring unauthorized successive petition to Court of Appeals); *Mason v. Lempke*, No. 11-cv-275, 2011 WL 344761, at *2 (E.D.N.Y. Jan. 31, 2011) (same). Upon transfer to the Second Circuit, the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: August 12, 2014
Central Islip, New York